# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ISpine, PLLC,

          Plaintiff,         Case No. 18-cv-13121

v.                               Judith E. Levy
                               United States District Judge

Enterprise Leasing Company of
Detroit,                           Mag. Judge R. Steven Whalen

          Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [2]

Plaintiff ISpine, PLLC brought this action to recover costs of treatment from defendant Enterprise Leasing Company of Detroit, which was Jimmie Gulley's no-fault insurer at the time of treatment. In February 2016, Gulley sustained accidental injuries that eventually required services from ISpine in August of that year. (Dkt. 1-3 at 8.) ISpine submitted billings to defendant for the medical expenses incurred from treating Gulley's injuries. (Dkt. 2-2 at 2.) Defendant refused to pay claims submitted by ISpine, which then brought this action in Wayne County Circuit Court. (Dkt. 1-3 at at 9.) Defendant timely removed and

now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 2.)

## I. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. DISCUSSION

Defendant puts forth multiple theories in support of dismissing ISpine's claims. It first cites to the Michigan Supreme Court's decision in *Covenant Medical Center, Inc. v. State Farm Mutual Automobile Insurance Co.*, 500 Mich. 191 (2017), to argue that ISpine does not have standing to bring this suit. It also argues that Gulley's assignment of

2

insurance benefits is deficient and therefore void. For the reasons set forth below, defendant's arguments fail.

First, defendant relies on *Covenant* to assert that ISpine has no standing to bring this case. *Covenant* provides that "healthcare providers possess no statutory cause of action under the no-fault act." 500 Mich. at 218.[1] The court explicitly stated, however, that its conclusion was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id.* at 217 n.40 (citations omitted). "Thus, while a health care provider no longer has a statutory cause of action against insurers, it may still have a contract-based cause of action if there has been a valid assignment of rights." *Estate of Grimmett v. Encompass Indem. Co.*, No. 14-14646, 2017 U.S. Dist. LEXIS 192289, at *5 (E.D. Mich. Nov. 21, 2017) (citing *Covenant*, 500 Mich. at 217, n.39). Accordingly, as a threshold matter, ISpine may bring a contract claim against an insurer so long as it holds a valid assignment of rights.

---

[1] *Covenant's* holding that there is no implied statutory right of action for health care providers under Mich. Comp. Laws § 500.3101 et seq. is clear and therefore, to the extent ISpine pleads a statutory cause of action arising from the no-fault act, it cannot go forward.

Next, defendant argues that ISpine lacks standing because the assignment of rights at issue was invalid. "In determining whether an assignment has been made, the question is one of intent. A written agreement assigning a subject matter must manifest the assignor's intent to transfer the subject matter clearly and unconditionally to the assignee." *Burkhardt v. Bailey*, 260 Mich. App. 636, 655 (2004) (quoting *E & L Rental Equip., Inc v Gifford*, 744 N.E.2d 1007, 1011 (Ind. Ct. App. 2001)). "No 'particular form of words is required for an assignment, but the assignor must manifest an intent to transfer and must not retain any control or any power of revocation.'" *Id.* at 654–55 (quoting *Travertine Corp. v. Lexington-Silverwood*, 670 N.W.2d 444, 447 (Minn. App. 2003)). Additionally, only past and present rights are assignable; any assignment of future rights is void. *See* Mich. Comp. Laws § 500.3143; *Prof'l Rehab. Assocs. v. State Farm Mut. Auto. Ins. Co.*, 228 Mich. App. 167, 174 (1998) (citing §500.3143).

The complaint sufficiently pleads that there is a valid assignment. The assignment at issue, which is attached as Exhibit A to the

complaint[2], is signed by Jimmie Gulley and is written as an irrevocable assignment of present rights. It states: "You are assigned to exclusive, irrevocable rights. Any cause of action that *exists* in my favor against any insurance company or other person or entity to the extent of your bill for total services . . . ." (Dkt. 2-1 at 2 (emphasis added).) It is clearly written in the present tense and is therefore only conferring past or present rights. Moreover, it is signed by Gulley on the date of his surgery (Dkt. 2-1 at 2, Dkt. 2-2 at 2), evidencing his intent to assign those rights to ISpine. *See Estate of Grimmett*, 2017 U.S. Dist. LEXIS 192289, at *10 (upholding an assignment where "the language . . . is entirely in the present tense, the treatment at [the medical provider] consisted of one discrete operation, and [the assignor] signed the assignment[] on the same day[] the . . . operation[ was] performed"); *see also Mich. Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 16-cv-14507, 2018 U.S. Dist. LEXIS 53718, at *14–19 (E.D. Mich. March 30, 2018). When viewed in the light most favorable to ISpine, as the Court must do, there is a valid assignment of present rights.

---

[2] Although it appears that defendant failed to attach ISpine's complete pleading to its removal notice, the complaint with both exhibits is attached to its motion to dismiss. (Dkt. 2 at 25–30, Dkt. 2-1, Dkt. 2-2.)

Defendant next puts forth a series of unavailing arguments regarding the validity of the assignment: it contends there has been no "acceptance," and therefore the assignment is invalid; it argues the assignment does not comply with Michigan's statute of frauds; and finally defendant argues that the assignment at issue is "illusory," since ISpine reserves its right to pursue Gulley in the event ISpine does not receive payment.[3]

First, defendant argues that there is not proper "acceptance" of this assignment. But the focus in an assignment analysis is "the intent of the assignor," which is sufficiently manifested by Gulley's signature. Defendants provide no persuasive authority to the contrary. And in any case, an assignment is a contract between the assignor and the assignee. *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 896 F. Supp. 2d 650, 658 (E.D. Mich. 2012) (citing *Burkhart v. Lapham*, No. 291705, 2010 Mich. App. LEXIS 2314, at *6 (Dec. 2, 2010)). In this contract, "in consideration of treatment rendered [by ISpine]," Gulley assigned his rights to insurance payments. (Dkt. 2-1 at 2; Dkt. 4 at 29.) Any doubt that

---

[3] Notably, Judge Avern Cohn of this Court dealt persuasively with and rejected all of these arguments in an analogous decision. *Estate of Grimmett*, 2017 U.S. Dist. LEXIS 192289.

ISpine accepted the assignment in writing is not required where, as here, it accepted the assignment by performing the services that give rise to the underlying right. Therefore, to the extent that an assignment in Michigan requires the assignee's manifestation of acceptance, ISpine accepted the assignment by performing the medical services that underlie the claim of benefits assigned by Gulley. These actions, particularly when viewed in the light most favorable to ISpine, demonstrate the intent of Gulley and ISpine to enter into a contract for an assignment of rights. *Cf. Macomb Interceptor*, 896 F. Supp. 2d at 658 ("The primary goal in interpreting contracts is to enforce the parties' intent" (quoting *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63 (2000))).

Second, defendant invokes the statute of frauds. "An assignment of things in action" must comply with Michigan's statute of frauds, which, in turn, requires that the contract be "in writing and signed with an authorized signature by the party to be charged." Mich. Comp. Laws § 566.132(1).[4] The assignment at issue is in writing and is signed by Gulley,

---

[4] "Thing in Action" is defined by Black's Law Dictionary as "[t]he right to bring an action to recover debt, money, or thing." Chose in Action, *Black's Law Dictionary* (9th Ed. 2010). By assigning ISpine a right to "[a]ny cause of action that exists in my

7

the party to be charged (the assignor). *See Estate of Grimmett*, 2017 U.S. Dist. LEXIS 192289, at *14 ("Assuming without deciding that the rights assigned in this case were 'things in action,' [the medical provider] is correct to point out that [the assignor] is the party to be charged."). As such, this argument fails.

Finally, defendant's argument that Gulley's assignment is an 'illusory contract' is likewise unavailing. An "illusory contract" is defined in Michigan as "[a]n agreement in which one party gives as consideration a promise that is so insubstantial as to impose no obligation. The insubstantial promise renders the agreement unenforceable." *Emp'rs. Mut. Cas. Co. v. Helicon Assocs.*, No. 322215, 2017 Mich. App. LEXIS 1405, at *11 (Sept. 7, 2017) (quoting *Ile v Foremost Ins. Co.*, 293 Mich App 309, 315–16 (2011). Defendant argues that, because the assignment holds Gulley secondarily responsible if "no insurance payment is received" (Dkt. 4 at 29), the assignment is illusory.

But defendant does not provide legal authority for the proposition that an assignment of a cause of action for insurance benefits cannot

---

favor against any insurance company," it therefore appears Gulley was assigning a "thing in action," which is required to comply with the statute of frauds.

8

provide for secondary liability for the costs incurred. This is likely because a valid assignment in Michigan only requires that the "*assignor* . . . manifest an intent to transfer and . . . not retain any . . . power of revocation." *Burkhardt*, 260 Mich. App. at 655 (quoting *Travertine Corp.*, 670 N.W.2d at 447) (emphasis added). Defendant, however focuses on the rights retained by the *assignee*, implying that, because ISpine reserves the right to pursue Gulley, its provision of medical treatment is no longer consideration for the assignment of rights. Medical treatment appears to be sufficient consideration for an assignment of no-fault benefits, otherwise Michigan law would not permit such assignments. Defendant's argument is not supported by existing case law.

## III. CONCLUSION

Accordingly, defendant's motion to dismiss (Dkt. 2) is **DENIED**.

IT IS SO ORDERED.

Dated: March 28, 2019　　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge